JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

Jane Billie

**(b)**  County of Residence of First Listed Plaintiff   Lehigh
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)

Jason M. Rapa, Esquire  Rapa Law Office, P.C.
141 South 1st St., Lehighton, PA 18235  610-377-7730

## DEFENDANTS

Praxis Financial Solutions Incorporated and Main Street Acquisitions Corporation

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 2  U.S. Government
Defendant

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage - | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
another district
(specify)

☐ 6  Multidistrict
Litigation

☐ 7  Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Violation of 15 U.S.C. Section 1692 the Fair Debt Collection Practices Act
Brief description of cause:
Violation of Section

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
02/07/2014

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

UNITED STATES DISTRICT COURT                                    **APPENDIX A**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _7353 Salem Bible Church Rd., Zionsville, PA 18092_

Address of Defendant: _7301 N. Lincoln Ave., Ste220, Lincolnwood, IL 60172 & 3715 Da Vinci Court, Suite 200_

Place of Accident, Incident or Transaction: Norcross, GA 30092
_(Use Reverse Side For Additional Space)_
_7353 Salem Bible Church Rd., Zionsville, PA 18092_

Does this case involve multidistrict litigation possibilities?                    Yes☐    No☒
*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐    No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐    No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐    No☒

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
(Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

Violation of 15 U.S.C. FDCPA Section 1692

**ARBITRATION CERTIFICATION**
*(Check appropriate Category)*

I, _Jason M. Rapa, Esquire_, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _2/7/2014_        Jason M. Rapa, Esquire        89419
                        Attorney-at-Law             Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _2/7/2014_        Jason M. Rapa, Esquire        89419
                        Attorney-at-Law             Attorney I.D.#

CIV. 609 (9/99)

IN THE UNITED STATES DISTRICT COURT  **APPENDIX C**
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Jane Billie | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Praxis Financial Solutions, | : | NO. |
| Incorporated and Main Street | | |
| Acquisition Corporation | | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C.
  §2241 through §2255.        ( )

(b) Social Security -- Cases requesting review of a
  decision of the Secretary of Health and Human
  Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration -- Cases required to be designated for
  arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos -- Cases involving claims for personal
  injury or property damage from exposure to
  asbestos.            ( )

(e) Special Management -- Cases that do not fall into
  tracks (a) through (d) that are commonly referred
  to as complex and that need special or intense
  management by the court. (See reverse side of
  this form for a detailed explanation of special
  management cases.)       ( )

(f) Standard Management -- Cases that do not fall into
  any one of the other tracks.     ( X )

2/7/2014
**Date**

Jason M. Rapa, Esquire
**Attorney-at-law**

Plaintiff
**Attorney for**

(Clv. 660) 7/95

**IN THE UNITED STATES DISTRICT COURT**        **APPENDIX C**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Jane Billie | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Praxis Financial Solutions, | : | NO. |
| Incorporated and Main Street | | |
| Acquisitions Corporation | | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)   Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255.                                                                ( )

(b)   Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c)   Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.                                     ( )

(d)   Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.                                                                           ( )

(e)   Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                               ( )

(f)   Standard Management -- Cases that do not fall into any one of the other tracks.                                              ( X )

2/7/2014
**Date**

Jason M. Rapa, Esquire
**Attorney-at-law**

Plaintiff
**Attorney for**

(Civ. 660) 7/95

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### COURT FILE NO.: CV - _____

| | |
|---|---|
| JANE BILLIE,<br>                Plaintiffs<br><br>v.<br><br>PRAXIS FINANCIAL SOLUTIONS,<br>INCORPORATED<br>and<br>MAIN STREET<br>ACQUISITIONS CORPORATION<br>                Defendants | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found there is abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress drafted the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (hereinafter "FDCPA"), with the goal to eliminate abusive collection practices utilized by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3.     This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 et. seq. (FCEUA), and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, et. seq., as well as other state law tort claims.

4.     Venue is proper in this District because pursuant to 28 U.S.C. § 1331(b), a civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought in a judicial district where any Defendant resides.

5.     Defendants are deemed to reside in this District, because Defendants, Praxis Financial Solutions, Incorporated and Main Street Acquisition, Corporation are corporations and would be subject to personal jurisdiction in this District at the time this action commenced, since Defendants transact business in this District.

## PARTIES

6.     Plaintiff Jane Billie is a natural person residing in Zionsville, County of Lehigh, State of Pennsylvania, and are "consumer[s]" as that term is defined by 15 U.S.C. § 1692a(3).

7.     Defendant, Praxis Financial Solutions, Incorporated (hereinafter referred to as "Praxis") is an Illinois corporation engaged in the collection of debts with the office of its registered agent, Bashar Awdish located at 7301 N. Lincoln Avenue, Suite 220, Lincolnwood, Illinois 60712.

8.     Defendant, Main Street Acquisition, Corporation (hereinafter referred to as "Main Street") is a Nevada corporation engaged in the collection of debts with its Chief

Executive Officer, Brett M. Samsky and its principal executive office located at 3715 Da Vinci Court, Suite 200, Norcross, Georgia 30092.

9.   At all times relevant to this Complaint, Defendants transacted business in the Eastern District of Pennsylvania and at other locations throughout the United States, operating as collection agencies and as a "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10.  Plaintiff, Jane Bille is alleged to have incurred a financial obligation, namely an account with HSBC Bank Nevada, N.A.

11.  The alleged obligation was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C § 1692a(5)

12.  On or about May 21, 2010, Defendant caused a "dun" letter to be sent to Jane Billie, identifying Main Street Acquisition Corp as the owner of an HSBC Bank Nevada account that allegedly belonged to Billie.  A true and correct copy of the letter redacted per local rule is attached hereto and incorporated herein as Exhibit "A."

13.  Defendant's May 21, 2010 letter alleges that Billie owes a debt of $11,132.10 to its client Main Street.

14.  Unfamiliar with the obligation which Defendants alleged due in its May 21, 2010 letter, Billie sends a letter dated May 26, 2010 to Praxis requesting verification/validation of the alleged obligation.  A true and correct copy of Billie's May 26, 2010 letter redacted per local rule is attached hereto and incorporated herein as Exhibit "B."

3

15.     Praxis received Billie's letter on June 10, 2010, as evidenced by U.S.P.S. Certified
        Mail Return Receipt. A true and correct copy of the U.S.P.S. Certified Mail Return
        Receipt is attached hereto and incorporated herewith as Exhibit "C."

16.     Following receipt of Billie's May 26, 2010 letter, Praxis ceased attempts to collect
        the alleged debt and Billie began receiving collection duns from other debt
        collection agencies attempting to collect the alleged debt on behalf of Main Street.
        With each new collection agency Billie requested verification/validation of the
        alleged debt and each new collector ceased collection efforts.

17.     On August 2, 2012, AmSher Collection Services Inc. caused a collection letter to
        be mailed to Billie seeking to collect the same Main Street account as Praxis
        previously attempted to collect. A true and correct copy of the August 2, 2012 letter
        redacted per local rule is attached hereto and incorporated herein as Exhibit "D."

18.     Upon receipt of the August 2, 2012 letter from AmSher, Billie promptly sent written
        correspondence to Amsher, to which Amsher responded in writing on September
        28, 2012, stating that "The account referenced below has been closed at the request
        of our client and no future collection action will be taken on this account." A true
        and correct copy of the September 28, 2012 letter redacted per local rule is attached
        hereto and incorporated herein as Exhibit "E."

19.     Despite receiving written confirmation from AmSher that Main Street would cease
        future collection efforts, Main Street continued to retain additional collection
        agencies to attempt collection of the alleged debt from Billie.

20.     On February 6, 2013, Praxis again caused a collection letter to be mailed to Billie
        attempting to collect the same Main Street account for which Billie previously

4

requested verification/validation on May 26, 2010 and for which Praxis never
provided verification/validation of the debt. This is also the same debt that AmSher
stated Main Street would no longer attempt to collect in September 2012. A true
and correct copy of the February 6, 2013 letter redacted per local rule is attached
hereto and incorporated herein as "F."

21.   In addition to the February 6, 2013 collection letter, Praxis also placed multiple and
numerous calls to Billie's cellular phone in an attempt to collect the alleged debt.
These calls included but are not limited to calls received by Billie on February 18,
19, and 26, 2013 and March 4, 2013.

22.   All of the letter and calls placed by Praxis to Billie were "communications" in an
attempt to collect a debt as that term is defined by 15 U.S.C § 1692a(2).

23.   Through its communication with Plaintiff, Defendants above-referenced conduct
violated multiple and numerous provisions of the FDCPA, including but not limited
to 15 U.S.C. §§ 1692c(a)(1), 1692c(c), 1692d, 1692e(10), 1692f and 1692g(b)
amongst others.

24.   While attempting to collect the alleged debt from Billie, Defendants utilized
collection tactics that are abusive, harassing and deceptive; and that are contrary to
the standards of civilized society and those of other collection agencies in its
industry.

25.   The acts and omissions of Defendants, who communicated with Plaintiff, as
described herein, were committed within the time and space limits of his/her/its
agency relationship with the principal, Defendant Main Street.

26. The acts and omissions by Defendant Praxis were incidental to or of the same general nature, as the responsibilities Defendant Main Street authorizes its agents to perform in collecting consumer debts.

27. In committing these acts and omissions against Plaintiff, Defendant Praxis was motivated to benefit its principal, Defendant Main Street.

28. Defendant, Main Street is therefore liable to Plaintiff through the Doctrine of Agency for the intentional and negligent acts, errors and omissions Praxis conducted in violation of state and federal law, including by not limited to violations of the FCPDA.

29. As a direct and proximate result of Defendants' illegal collection tactics and harassing behavior, Plaintiff has sustained actual damages in the form of extreme stress, fear, humiliation, and embarrassment.

**TRIAL BY JURY**

30. Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. Amend. 7. Fed. R. Civ. Pro. 38.

**CAUSES OF ACTION**

**COUNT I.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §1692 et seq.**

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

6

32.    The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to each of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

33.    As a result of each of Defendants' violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and actual damages, and are therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.


## COUNT II.

## VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT

## (FCEUA)

### 73 P.S. § 2270.1 et. seq.

## AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER

## PROTECTION LAW (UTPCPL)

### 73 P.S. § 201-1 et. seq.

34.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.    Defendants are "debt collector" as defined by 73 P.S. § 2270.3 of the FCUEA.

36.    Plaintiff is a "consumer" as defined by 73 P.S. § 2270.3 of the FCUEA.

37.    All of the above contacts by Defendants were "communications" relating to a debt as defined by 73 P.S. § 2270.3 of the FCUEA.

7

38. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FCEUA and UTPCPL, including but not limited to 73 P.S. § 2270.4(a), as evidenced by the following conduct:

   (a) Communicating or attempting to communicate with a consumer at a place or time known to be inconvenient to the consumer;

   (b) Communicating with a consumer after notification that the consumer refuses to pay the debt;

   (c) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

   (d) The use of unfair or unconscionable means to collect or attempt to collect an alleged debt;

   (e) Failing to cease collection efforts after consumer requests verification of the debt.

39. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law with the purpose of coercing Plaintiff to pay the debt.

40. As a result of the of the above violations of the FCUEA and UTPCPL, Plaintiff has suffered ascertainable losses entitling her to an award of statutory, actual and treble damages and attorney's fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that judgment be entered against each and every Defendant for:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692 et seq.

- For an order declaring that the Defendants' actions as described above are in violation of the FDCPA;

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant.


## COUNT II.

## VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT

### (FCEUA)

### 73 P.S. § 2270.1 et. seq.

## AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER

## PROTECTION LAW (UTPCPL)

### 73 P.S. § 201-1 et. seq.

- For an order declaring that the Defendants' actions as described above are in violation of the FCEUA and the UTPCPL;

- for an order be entered enjoining the Defendant from continuing to communicate with Plaintiff in violation of the FCEUA and the UTPCPL;

9

- for an award of actual damages pursuant to 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of statutory damages pursuant to 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of treble damages pursuant 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 73 P.S.§ 201-9.2(a).

Respectfully submitted,

Dated: February 3, 2014

RAPA LAW OFFICE, P.C.

By: _____
Jason M. Rapa, Esquire
PA Attorney I.D. No. 89419
141 S. 1st Street
Lehighton, PA 18235
Telephone (610) 377-7730
Attorney for Plaintiff

10

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

I, Jane Billie, depose and say as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. I have provided my attorneys with true and correct copies of each and every exhibit, which has been attached to this Complaint.
7. I have not altered, changed, modified, or fabricated the attached exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Date: _02-03-14_

_Jane Billie_
Jane Billie

11

Exhibit A

Praxis Financial Solutions, Inc
7331 N. Lincoln Ave.
Suite 8
Lincolnwood, IL 60712-1704



**OFFICE HOURS**

| | |
|---|---|
| Monday - Thursday | 8AM - 9PM |
| Friday | 8AM - 5PM |
| Saturday | 8AM - 12PM |
| Toll Free Number | 866-611-3411 |
| Fax Number: | 847-679-7974 |

May 21 2010

22858-10

Creditor: **MAIN STREET ACQUISITION CORP.**
Original Creditor: HSBC BANK NEVADA NA Unio
Account #: ●●●●●●●●8978
Current Balance: $11,132.10

```
341832 - 2
BILLIE, JANE C
7353 SALEM BIBLE CHURCH RD
ZIONSVILLE PA  18092-2345
```

 

Dear Jane:

Your HSBC BANK NEVADA NA Union Privil. Plat. MasterCard account was sold to our client Main Street Acquisition Corp. The total amount due on your account is now due to our client Main Street Acquisition Corp. Please contact our office to resolve this account.

Otherwise, remit your payment before further collection efforts occur.

Important notice required by law: this agency is engaged in the collection of debts. This communication is an attempt to collect a debt and any information obtained will be used for that purpose.

Unless you notify us within 30 days after receiving this letter that you dispute the validity of the debt or any portion thereof, we will assume the debt is valid. If you notify us in writing within 30 days after receiving this notice that the debt or any portion thereof is disputed, we will obtain verification of debt or obtain a copy of a judgment and mail you a copy of such verification of judgment. Also, upon your written request within 30 days, we will provide you with the name and address of the original creditor if different from the current creditor.

Should you have any questions regarding your account, please feel free to contact me at 866-611-3411 Ext. 113.

Simon Zando
Account Representative

Praxis Financial Solutions, Inc.

---

Please Detach and Return with Payment

```
341832 - 2
BILLIE, JANE C
7353 SALEM BIBLE CHURCH RD
ZIONSVILLE PA  18092-2345
```

IF PAYING BY VISA, MASTERCARD, DISCOVER OR AMERICAN EXPRESS, FILL OUT BELOW

☐ VISA    ☐ MASTERCARD    ☐ DISCOVER    ☐ AMER. EXP.

MUST INCLUDE 3 DIGIT SECURITY CODE FROM BACK OF CARD

Creditor: **MAIN STREET ACQUISITION CORP.**
Original Creditor: HSBC BANK NEVADA NA Union Privil. Plat. MasterCard
Account #: 5407070012818978
Current Balance: $11,132.10

```
Praxis Financial Solutions, Inc
7331 N. Lincoln Ave.
Suite 8
Lincolnwood, IL 60712-1704
```

Exhibit B

May 26, 2010

Praxis Financial Solutions, Inc.
7331 N. Lincoln Avenue, Suite 8
Lincolnwood, IL  60712-1704
Certified Mail Tracking #

Re:  Credit Account #████████████8978

Dear Praxis Financial Solutions:

I have been advised that I need to get the complete details of my account from Praxis Financial Solutions. This is known as the debt validation process as per the FDCPA.  I was also advised that I need you to provide me with the following details:

• The details of the account.
• All the calculation should be shown of the amount that is owed.
• Any copies of the papers to be furnished that shows the payment agreement.
• Provide a verification or copy of any judgment if applicable.
• The original creditor needs to be identified.
• The Statute of Limitation needs to be proven for collecting the debt.
• The license of the CA applicable in the state is to be furnished along with the license numbers and Registered Agent
• Proof of the agreement that the debt collector has purchased the debt or has been hired by the creditor to collect the debt from the debtor as this is the basic contract law.
• Complete payment history showing the details of the creditors, payment history, amount of the debt, break up of fees/interest should be provided in paper.
• A copy of the original signed loan agreement between the debtor and the original creditor establishing the debt between both the parties also has to be produced.

I was advised that before I start making payment arrangements, Praxis Financial Solutions, the collection agency, is bound to serve the following details of my debt.  I was advised that if it is not given to me, I don't have to bother paying it.  I just can't start paying on something that is not proven.

I am making sure that I send this validation letter through certified mail with return receipt requested.  I was advised that this will help me to record the date on which Praxis Financial Solutions, you, received my letter and my effort to know the details of my past debt.  Per the FDCPA, I don't want to be called on my cell phone or at home and all the necessary communications should be done via mail.

Finally, I was advised that not validating the debt and still continuing to recover the debt is a violation of the FDCPA law under Section 809 ( 8 ).  If  Praxis Financial Solutions breaks the law, I can consult my attorney.

Regards,

*Jane Billie*

Jane Billie

Exhibit C



**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X ☐ Agent ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

1. Article Addressed to:

PRBDS Financial Solutions, Inc
17831 N. Lincoln Avenue
Suite 8
Lincolnwood, FL.
(60) 712-1704

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)    7009 1410 0003 3464 5528

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL   RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ 44 |
| Certified Fee | 2.80 |
| Return Receipt Fee (Endorsement Required) | 2.30 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.54 |

Sent To   PRBDS
Street, Apt. No.; or PO Box No.
City, State, ZIP+4   Lincolnwood FL   60712

7009 1410 0003 3464 5528

Exhibit D



600 BEACON PKWY W STE 300
BIRMINGHAM, AL 36209-3114

32846

# AmSher
### COLLECTION SERVICES, INC.
1-866-732-1626
Hours of Operation: 8 AM to 9 PM Central Time

| | |
|---|---|
| Creditor: | **MAINSTREET ACQUISITION CORP.** |
| Creditor Acct #: | 11436291 |
| Total Due: | $12581.46 |
| Account #: | 13027445 |

'28 0101

August 2, 2012

JANE C BILLIE
7353 SALEM BIBLE
CHURCH R D
ZIONSVILLE, PA 18092-2345

AMSHER COLLECTION SERVICES INC
600 BEACON PKWY W STE 300
BIRMINGHAM, AL 35209-3114

***DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT***

| | | | |
|---|---|---|---|
| Creditor: | MAINSTREET ACQUISITION CORP. | Total Due: | $12581.46 |
| Creditor Acct #: | 6291 | Account #: | 7445 |
| Original Creditor: | HSBC BANK NEVADA NA | Access Code: | .500 |
| Original Acct # ending in: | 8978 | | |

MEMBER

ACA
INTERNATIONAL
The Association of Credit
and Collection Professionals

## * IMPORTANT NOTICE *

### THIS HAS BEEN SENT TO YOU BY A COLLECTION AGENCY.

The above account is delinquent. Your HSBC BANK NEVADA NA account was sold to our client MAINSTREET ACQUISITION CORP. You are instructed to pay this office the total amount due.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

As of the date of this letter, you owe $12581.46. Because of interest, late charges and other charges assessed by your creditor that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you.

You are instructed to pay this office the total amount due. Please call our office to make suitable arrangements to pay this debt at 1-866-732-1626 or visit our website at https://consumer.amsher.com/ and use your access code to access your account.

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for this purpose.

Seth DeForest
Chief Operations Officer

### SEE REVERSE SIDE FOR IMPORTANT INFORMATION

AMS17

110015

Exhibit E



**Creating Raving Fans**
www.AmSher.com

600 Beacon Parkway West
Suite 300
Birmingham, AL 35209

205/322-4110
Fax 205/251-044
1-800-955-7632

Date:  _____09/28/2012_____

Dear:  _____Jane C Billie_____

The account referenced below has been closed at the request of our client and no future collection action will be taken on this account.  We apologize for any inconvenience it might have caused you. If you need further assistance, please call (205) 252-3333 or 1-800-840-7105.

Sincerely,

*Lehila Fennell*
Client services

AmSher Account # ▓▓7445 _____

Client's Name:  Mainstreet Acquisition Corp _____

Client's Account # ▓▓6291 _____

Debtor Name: Jane C Billie _____

Amount $0 _____

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

Exhibit F

Praxis Financial Solutions, Inc
7301 N. Lincoln Ave
Suite 220
Lincolnwood, IL 60712-1733

# PRAXIS
## FINANCIAL SOLUTIONS

**OFFICE HOURS**

| | |
|---|---|
| Monday - Thursday | 8AM - 8PM |
| Friday | 8AM - 5PM |
| Saturday | 8AM - 12PM |
| Toll Free Number | 866-611-3411 |
| Fax Number: | 847-679-7974 |

February 06 2013

Creditor: MAIN STREET ACQUISITION CORP
Original Creditor: HSBC BANK NEVADA NA U
Account #: ●●●●●●●●●8978
Current Balance: $12,918.18

22868-868

```
1192715 - 2
BILLIE, JANE C
7353 SALEM BIBLE CHURCH RD
D
ZIONSVILLE PA  18092-2345
```



Dear Jane:

Your HSBC BANK NEVADA NA Union Privil. Plat. MasterCard account was sold to our client MAIN STREET ACQUISITION CORP. The total amount due on your account is now due to our client MAIN STREET ACQUISITION CORP. Please contact our office to resolve this account.

Otherwise, remit your payment before further collection efforts occur.

Important notice required by law: this agency is engaged in the collection of debts. This communication is an attempt to collect a debt and any information obtained will be used for that purpose.

Unless you notify us within 30 days after receiving this letter that you dispute the validity of the debt or any portion thereof, we will assume the debt is valid. If you notify us in writing within 30 days after receiving this notice that the debt or any portion thereof is disputed, we will obtain verification of debt or obtain a copy of a judgment and mail you a copy of such verification of judgment. Also, upon your written request within 30 days, we will provide you with the name and address of the original creditor if different from the current creditor.

Should you have any questions regarding your account, please feel free to contact me at 866-611-3411 Ext. 101.

Frank Lucci
Account Representative

Praxis Financial Solutions, Inc.

---

Please Detach and Return with Payment

1192715 - 2
BILLIE, JANE C
7353 SALEM BIBLE CHURCH RD
D
ZIONSVILLE PA  18092-2345

IF PAYING BY VISA, MASTERCARD, DISCOVER OR AMERICAN EXPRESS, FILL OUT BELOW

| ☐ VISA | ☐ MASTERCARD | ☐ DISCOVER | ☐ AMEX |
|---|---|---|---|
| CARD NUMBER | | EXP. DATE | AMOUNT |
| PRINT NAME | | MUST INCLUDE 3 DIGIT SECURITY CODE FROM BACK OF CARD | |

Creditor: MAIN STREET ACQUISITION CORP
Original Creditor: HSBC BANK NEVADA NA Union Privil. Plat. MasterCard
Account #: 5407070012818978
Current Balance: $12,918.18

```
Praxis Financial Solutions, Inc
7301 N. Lincoln Ave
Suite 220
Lincolnwood, IL 60712-1733
```